## Jacob H. Linck, Plff. in Err., *v.* Peter Wolf et al.

A mechanics' lien disallowed, because filed against an old building; whereas it was claimed for materials furnished in erecting an addition; also because the location of the building was incorrectly described.

(Decided May 17, 1886.)

Error to the Common Pleas of Northumberland County to review a judgment for defendants in an action to enforce a mechanics' lien. Affirmed.

This action was brought to enforce payment of the following mechanics' lien:

Jacob H. Linck, hardware and paint dealer, and plaintiff above named, hereby files his claim or statement of demand for $67.15, with interest, and against the building and the ground covered thereby, and so much other ground immediately adjacent thereto and belonging to the said Peter Wolf as may be necessary for the ordinary and useful purposes of the same, and sets forth as follows, to wit:

First. The name of the party claimant, Jacob H. Linck, the

Note.—Under the act of June 16, 1836, no lien was given where alterations, repairs, or additions were made to an old building, unless the change was so great as to constitute a new building or a rebuilding. Warren v. Freeman, 187 Pa. 455, 67 Am. St. Rep. 583, 41 Atl. 290. By the act of May 18, 1887 (P. L. 118), a lien was given for alterations, repairs, and additions. To take advantage of it, its provisions must be strictly pursued. Warren v. Freeman, 187 Pa. 455, 67 Am. St. Rep. 583, 41 Atl. 290; McDowell v. Riley, 16 Pa. Super. Ct. 515, 8 Del. Co. Rep. 181. By the general mechanics' lien law of June 4, 1901 (P. L. 431), § 2, a lien was given in case of additions to buildings, and in the alteration and repair thereof, where the claim exceeds one hundred dollars.

name of the owner, or reputed owner, Peter Wolf, the name of the contractor at whose instance and request the work was done and materials furnished, Charles De Chambot.

Second. The amount claimed to be due is $67.15, for hardware, paints, etc., within six months last past, for and about the erection and construction and upon the credit of the building hereinafter described; the particular items, amounts, and dates when said materials were furnished being specifically set out in the bill hereto annexed and made part of this claim.

Third. The said building is located on a lot or piece of ground situated in Delaware township, Northumberland county, state of Pennsylvania, on the south side of public road leading from McEwensville to Watsontown. Size of house, of brick, 28 x 24 feet; two stories high, with kitchen attached, 16 x 16 feet, and with L used for bedrooms, 9 x 16 feet, with curtilage appurtenant, about one acre of ground.

The following is the charge of the judge in the court below:

It occurs to me at present that the question in this case is one of law, principally if not wholly, and that it must therefore be decided by the court.

This is a scire facias on a mechanics' lien, filed, under the mechanics' lien law, by Jacob H. Linck against Peter Wolf, owner or reputed owner, and Charles De Chambot, contractor. The plaintiff claims $67.15, with interest, against the building and the grounds covered thereby, and so much other ground, immediately adjacent thereto and belonging to the said Peter Wolf, as may be necessary for the ordinary and useful purposes of the same, and set forth as follows: (Then follows the names of the parties as set forth in the lien, and the amount and kind of materials furnished.)

The act of 1835 required the register of a mechanics' lien to contain a specification of the location of the building, its size, the number of stories, or such other matter of description as shall be sufficient to identify the same. Hence, as stated by the supreme court in the case of Washburn v. Russel, 1 Pa. St. 499: "It is evident that the building must be described with at least convenient certainty as regards both its locality and its structure."

The locality of the building is described in the lien in this case as follows: The said building is located on a lot or piece of ground situated in Delaware township, Northumberland county, and state of Pennsylvania, on the south side of the public road leading from McEwensville to Watsontown. "That is the whole description as to locality."

A number of cases have been decided by the supreme court at different times on the question of what is a sufficient description of the locality of a building in a mechanics' lien, and in all of them it has been held that the locality of the building must be substantially stated.

It was stated in the case of Simpson v. Murray, 2 Pa. St. 76: "Although, as it is said in Ewing v. Barras, 4 Watts & S. 468, every mistake in filing a claim, however trivial, will not invalidate the lien, yet the building must be described substantially so as to identify it."

In one case the building was described as being on the west side of a public road leading from one place to another, but locating it as adjoining another person's land, thus fixing its location. In the present case, as I have stated, the location is only fixed by stating that it is on the south side of the public road leading from McEwensville to Watsontown. Perhaps, by straining the matter a little for the purpose of enabling the plaintiff to record what may be a meritorious claim, we might decide that the description, as between these parties and as the case now stands, would be sufficient. [But as we view it at present, the difficulty in the case is that it is an erroneous and incorrect description. If this house was located on the south side of a public road leading from McEwensville to Watsontown, that would be one thing; but the evidence of the plaintiff and defendants shows that it is not the case. There is a road leading directly from McEwensville to Watsontown, almost a straight road, the distance being about 2½ miles; and that is the road, as we understand, that is known as the road between these two points; and Mr. De Chambot, one of the defendants in this case, who was a witness called by the plaintiff, testified that the building against which this lien was filed is not located along this road, nor on the south side of it. This and the other evidence in the case shows clearly that it is not so located. It seems clear from the evidence that Mr. Wolf is the owner of a brick building, and the one, too, in question in this case,

against which the lien was filed, but along another road, about 3½ miles to the north of this road referred to leading from Mc-Ewensville to Watsontown. It is clear it is not on the road leading between those points. It is true you can go that way, as there is a road leading from Watsontown to Mr. Wolf's house, a distance of some 4 miles. Then you can go some distance to what is called the state road, and thence from there to Mc-Ewensville, a distance of some 6 or 7 miles, as stated by the witnesses, making the distance around about 10 miles by way of Mr. Wolf's house.

Now, it cannot be pretended that this is the road mentioned in this mechanics' lien filed in this case; and therefore it is clear to my mind that not only is the description of the locality of the building insufficient in this lien, but that it is also an erroneous description, so that on a judgment obtained in this case, if one was obtained, and a sheriff's sale had under levari facias, he would describe the building as it is described in the lien, and the purchaser would get title to a house and lot situated in Delaware township on the south side of the road leading from McEwensville to Watsontown, if there was any such house there owned by Peter Wolf. Simpson v. Murray, 2 Pa. St. 76, already referred to.

Now, that being the case, it strikes me at present that there can be no recovery on this lien, and that your verdict must be in favor of the defendants.]

Other questions arise in the case which I may just as well dispose of, so that if the case should go to the supreme court the whole matter can be decided, and thus end this litigation. The lien then describes the building against which it is entered as follows: "A brick house 28 by 24 feet, two stories high, with kitchen attached, 16 by 16 feet, with curtilage appurtenant and about one acre of ground." The evidence shows that the brick house 28 by 24 feet, two stories high, which is the main building, is an old structure, and that it was not remodeled and substantially turned into a new building; that the shingles were taken off and replaced with either new shingles or slate, we don't know which, that the rafters were not taken down, but some other slight improvements made. But it cannot be said under the evidence, we think, that it was rebuilt or constructed into a new building. Now, there is no general act of assembly in this state, that I am aware of, that allows a mechanics' lien to be

filed against an old building simply for repairs. But it is contended on the part of the plaintiff that there was a new building. That is, that the kitchen attached to this old building, 16 by 16, with an L used for bedrooms, 6 by 16, was a new building. If the materials were furnished in this case on the credit of the kitchen and the L attached to the old building, the mechanics' lien would doubtless be good against it, even if the materials so furnished were used in the old building or not used at all in either.

In the case of Wharton v. Douglas, 92 Pa. 66, the supreme court decided that where materials are furnished for a new building intended to be used in connection with an old manufacturing establishment, the mechanics' lien therefor should be filed specifically against the new erection; and it is fatal to the claim to file it against the general building.

In the case now before the court, the lien is filed against the old building, that is, the general or main building, stating, however, the size of the kitchen attached to it and the L, which perhaps distinguishes the case somewhat from the case of Wharton v. Douglas that I have just referred to. And if the case stood on that alone, perhaps I would not be so sure about my decision being correct.

The plaintiff's counsel request the court to charge the jury as follows:

[First. That for the purpose of the trial of the issue in this case, it being between a materialman and the owner, and not between creditors, the description contained in the lien, both as to location and size or kind of structure, is sufficient under all the evidence in the case.

I do not affirm this point.]

[Second. That under the evidence in this case, the issue being between the materialman and owner only, it is no defense to plaintiff's claim that a part of the materials furnished by him, if furnished upon the credit of the new part of the building, were used by the contractor and builder in remodeling the old part of the structure mentioned and described in the lien or claim filed, and the plaintiff would therefore be entitled to recover the reasonable or market value of the materials by him so furnished at the instance of the contractor.

This may be so, and if there was nothing else in the case to prevent, the plaintiff would be entitled to recover.]

[Third. That if, under the evidence in this case, the jury find the materials charged for by the plaintiff were furnished upon the credit of the building described in the lien or claim filed, such building in part composed of the old part or kitchen attached and made to communicate with such old part remodeled and the wing called an L, used for bedrooms, the plaintiff would be entitled to recover the reasonable and fair value of the materials so charged for in this action and by him so furnished, without regard to the question as to whether a part—if so, what part—of such materials, were used in and about the erection and construction of the new part, or the remodeled or old part of such building or structure.

This would be so if the evidence showed such a remodeling or rebuilding of the old bbuilding as to make it substantially a new building. But as the evidence shows the main building, described in the claim filed, was not so remodeled, but only repaired by putting on a new roof without new rafters, and other slight matters, the lien, we think, ought to have been filed specifically against the new addition.]

[Fourth. That under all the evidence in the issue in this case the verdict should be for the value of the materials thus furnished by him as claimed in this action, there being no evidence that the materials so furnished were of a kind not suited to the purpose of the building in controversy, nor that they were furnished in an excessive quantity or at excessive rates of charge.

This point is not affirmed.]

This being a question of law, all you have to do is to render a verdict in favor of the defendants.

The plaintiff brought this writ, assigning for error the action of the court as indicated above by brackets.

*S. P. Wolverton* and *Wm. A. Sober,* for plaintiff in error.—In Ewing v. Barras, 4 Watts & S. 467, it was held that "certainty to a common intent is sufficient in a description of property in a mechanics' lien."

Only such inaccuracies in description as are calculated to mislead subsequent purchasers or creditors should destroy the claim.

The distinction between the claim of the materialman as against the owner, and a purchaser or creditor without notice

or suggestion of adequate grounds of inquiry, seems marked and well developed by the decided cases to the point of description and location. Harker v. Conrad, 12 Serg. & R. 301, 14 Am. Dec. 691; Kennedy v. House, 41 Pa. 39, 80 Am. Dec. 594; Knabb's Appeal, 10 Pa. 186, 51 Am. Dec. 472; Shaw v. Barnes, 5 Pa. 18, 47 Am. Dec. 399; 12 Serg. & R. 301; 5 Rawle, 308; Springer v. Keyser, 6 Whart. 187.

Whatever may be said of the matter, questions relating to sufficiency of description are generally for the jury. See Ewing v. Barras, 4 Watts & S. 467; Kennedy v. House, 41 Pa. 39, 80 Am. Dec. 594.

The remaining question seems to be whether the claim should have specified only that part of the whole building which was an entirely new structure, designated as "a kitchen with an L attached."

The repairs made the whole building practically a new and reconstructed building, fairly within the meaning of the mechanics' lien law.

In Driesbach v. Keller, 2 Pa. St. 77, it is held: "Repairs and additions may constitute a new erection within the act."

In Nelson v. Campbell, 28 Pa. 156, it was held: "It is not necessary that a new building erected should be distinct from and independent of older buildings in order to sustain a lien for work done and materials furnished towards the erection and construction of the building."

The lien in such cases attaches to the whole building, and to so much of the ground of the owner adjoining as is necessary for the use and enjoyment of the building for the purpose for which it was designed. See Lightfoot v. Krug, 35 Pa. 348; Pretz's Appeal, 35 Pa. 349; Harman v. Cummings, 43 Pa. 322; Odd Fellows Hall v. Masser, 24 Pa. 507, 64 Am. Dec. 675; Wharton v. Douglas, 92 Pa. 66.

*Lorenzo Everett* and *C. R. Savidge,* for defendants in error.— The building must be described with at least convenient certainty as regards both its locality and structure. Washburn v. Russel, 1 Pa. St. 499.

There must be enough in the description of the locality and other peculiarities of the building, to identify it, to point it out with reasonable certainty, with certainty to a common intent. Kennedy v. House, 41 Pa. 39, 80 Am. Dec. 594.

PER CURIAM:

The learned judge correctly instructed the jury to find for the defendants. The lien was filed against the old building which was repaired, and not against the new addition. The description of the location of the building was not only inaccurate, but actually misleading.

Judgment affirmed.